UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| BUDDY RAY BAKER, | ) |
|     *Plaintiff*, | ) Case No. 4:25-cv-60 |
| v. | ) Judge Travis R. McDonough |
| COFFEE COUNTY SHERIFF'S OFFICE and OFFICER F/N/U WISER, | ) Magistrate Judge Michael J. Dumitru |
|     *Defendants*. | ) |

**MEMORANDUM OPINION**

Plaintiff Buddy Ray Baker, a pretrial detainee incarcerated at the Coffee County Jail, is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 that was transferred to this Court from the United States District Court for the Middle District of Tennessee [Doc. 23]. Plaintiff's complaint [Doc. 1] is before the Court for screening in compliance with the requirements of the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(e) and § 1915A, to determine whether it states a claim. The Court finds it does not. Therefore, for the reasons set forth below, the Court will dismiss the complaint for failure to state a claim upon which § 1983 relief may be granted.

**I.    PLRA SCREENING STANDARD**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

## II.     PLAINTIFF'S ALLEGATIONS

Sometime between 1:00 p.m. and 3:00 p.m. on November 4, 2024, Officer Wiser, a deputy with the Coffee County Sheriff's Department, was transporting Plaintiff from the Coffee County Jail to the Rutherford County Jail in a patrol vehicle [Doc. 1 p. 5]. Plaintiff was sitting in the backseat handcuffed [*Id.*]. Officer Wiser "refused to buckle [Plaintiff's] seat belt" [*Id.*]. During the transport, Officer Wiser was speeding, and Plaintiff is "sure [D]eputy Wiser was drinking" [*Id.*]. "[A]ll of a sudden[,]" Officer Wiser "slam[m]ed on the brakes[,] and [Plaintiff]

2

face[]planted [into] the steel cage" separating the front and back of the patrol vehicle [*Id.*]. The impact knocked out Plaintiff's bottom tooth and injured Plaintiff's back, neck, and head [*Id.*]. Plaintiff has nightmares and sometimes, his "vision gets blur[r]ed" [*Id.*]. Plaintiff filed the instant lawsuit against the Coffee County Sheriff's Department and Officer Wiser in his official capacity, seeking $450,000 in monetary damages [*Id.* at 2, 6].

### III. ANALYSIS

As an initial matter, the Court finds Plaintiff cannot maintain suit against the Coffee County Sheriff's Office, because a sheriff's department is not a "person" subject to § 1983 liability. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))). Instead, the real party in interest is Coffee County itself. And, as Plaintiff sues Officer Wiser solely in his official capacity, his allegations against Officer Wiser are likewise against Coffee County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").

But to sustain suit against Coffee County, Plaintiff must allege facts from which this Court could infer an unconstitutional policy or custom of the County caused a violation of his constitutional rights. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). That is, "[P]laintiff must identify the policy, connect the policy to the [County] itself

3

and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation and internal quotation marks omitted). Plaintiff has not alleged any facts from which the Court could plausibly infer that a custom or policy attributable to Coffee County caused him any injury. Therefore, all Defendants are subject to dismissal.

And even if the Court were to construe Plaintiff's complaint as raising an individual-liability claim against Officer Wiser (which it expressly does not), Plaintiff fails to adequately plead that Officer Wiser's actions violated the Constitution. *See Iqbal*, 556 U.S. at 676 (holding "a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution"). A correctional officer may be held liable for failing to protect a detainee from harm only where the detainee was "incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, and the official "acted (or failed to act) deliberately and recklessly[,]" *Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 728 (6th Cir. 2022) (citing *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021)). Specifically, liability attaches where the defendant officer "[1] act[ed] intentionally in a manner that [2] put[] the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, and [4] by failing to do so actually cause[d] the plaintiff's injuries." *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (citing *Westmoreland*, 29 F.4th at 729).

Here, Plaintiff offers no facts to support his assertion that Officer Wiser was "drinking[,]" ostensibly alcohol, at the time of the incidents giving rise to this incident. And such unsubstantiated allegations are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679 (noting pleadings that "are no more than conclusions[] are not entitled to the assumption of truth"). Plaintiff otherwise alleges only that Officer Wiser (1) was speeding, (2) refused to buckle Plaintiff's seatbelt, and (3) braked suddenly [Doc. 1 p. 5]. But many people drive in

excess of the speed limit and without wearing their seatbelts. This is not the type of "substantial risk" that the Constitution protects. *See Daily v. CCA-WCFA Whiteville Transp. Officers*, No. 3:18-CV-0146, 2018 WL 1583980, at *5 (M.D. Tenn. Apr. 2, 2018) (collecting cases); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("[C]onduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety.")

Notably, Plaintiff does not allege that he expressed concern to Officer Wiser over his speed or his refusal to buckle Plaintiff's seatbelt, and he does not allege any facts suggesting that Officer Wiser deliberately and purposefully drove in a reckless manner. Courts have consistently held that, absent such well pled factual allegations, no constitutional violation has occurred. *See, e.g., Groce v. Smith*, No. 3:15-CV-0823, 2015 WL 4743818, at *3 (M.D. Tenn. Aug. 10, 2015) (collecting cases). Instead, Plaintiff has alleged, at most, negligent conduct, which is not afforded constitutional protections. *See, e.g., Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected interest."). Therefore, Plaintiff's complaint must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a cognizable § 1983 claim. Accordingly, Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which § 1983 relief may be granted. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**